Wilde J.
afterward drew up the opinion of the Court. Upon the facts stated by the respondents, and which are not controverted, we are of opinion that the petitioners are not entitled to relief; and consequently it is immaterial whether *345 the county commissioners or the commissioners of highways have jurisdiction of the subject matter of the petition.
The road in question was laid out or altered in July, 1825, by order of the Court of Sessions, and ought strictly to have been opened and worked within a year from and after that time. But as within that period the statute of 1825, c. 171, intervened, by which all roads laid out but not worked at the time that act took effect were subjected to the supervision and review of the commissioners of highways, we are of opinion that the petitioners are not chargeable with neglect in not opening and working the road within the year, as they might reasonably expect that this would be ordered to be done by the commissioners of highways at' the expense of the county. But application for this purpose ought to have been made to the commissioners within a reasonable time after the act took effect. But no such application to the commissioners of highways was ever made by the petitioners, although they were notified of a similar petition made by the town of Bradford. And at the March term of the Court of Common Pleas, 1828, an indictment was found against them for neglecting to open and work the road. And at the June term following another indictment was preferred against them for a like offence. On the first indictment the petitioners were tried and found guilty, and a fine of 200 dollars was imposed upon them, and the second indictment is now still pending against them. It was not until after all these proceedings, viz. in October, 1828, that application was first made to the county commissioners to open the road and to make it passable at the expense of the county. The principal object of that application must have been, to obtain reimbursement out of the county treasury for the fine imposed on the inhabitants of the town for neglect of duty and to exonerate them from further liability. And this certainly was altogether inadmissible. The petitioners voluntarily subjected themselves to the burden of opening and working the road, by gross negligence ; and the county commissioners did right in rejecting their application. The operation of the act of 1825 was not to vacate the proceedings of the Court of Sessions in altering the road ; but to authorize the commissioners of highways to transfer the *346 expense of opening and working it from the town to the county This privilege the petitioners might waive, and they have im plicitly waived it by their negligence.

Petition for mandamus dismissed.